1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTINE CORONA,                          No.  2:14-cv-01473-MCE-AC

12                 Plaintiff,

13        v.                                     ORDER

14   MICHELE VERDEROSA, et al.,

15                 Defendants.

16

17        On December 17, 2014, the court held a hearing on three motions to dismiss, two of which

18   also seek a more definite statement and one of which asks the court to strike the complaint.  ECF

19   Nos. 9, 10, 14.  Plaintiff Christine Corona appeared in pro per; Margaret E. Long appeared for

20   defendants Brandon Vinson, Kevin Jones, Laurie Gatie, and Stacey Montgomery ("County

21   Defendants"); William David Ayres appeared for defendant Nathan Horton; and Jeffrey V. Lovell

22   appeared for defendants Michele Verderosa and Marian Tweddell ("State Defendants").  On

23   review of the motions, the documents filed in support and opposition, hearing the arguments of

24   plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

25                                    PROCEDURAL HISTORY

26        Plaintiff filed her original complaint against Defendants Verderosa, Vinson, Jones, Gatie,

27   and Horton on June 20, 2014.  ECF No. 1.  Subsequently, plaintiff filed a first amended complaint

28   ("FAC") on October 15, 2014, the caption of which states "trespass against right to property."

                                                 1

ECF No. 4.  Plaintiff's FAC named two defendants not included in her original complaint, Montgomery and Tweddell.  Id.  On October 21, 2014, the court ordered plaintiff to file proof of service on the defendants named in her original complaint or a request for additional time to affect service within fourteen (14) days.  ECF No. 6.  On October 24, 2014, summons upon all defendants were returned executed to the court.  ECF Nos. 7 & 8.

On November 6, 2014, Defendant Horton filed a motion for a more definite statement, motion to strike, and a motion to dismiss.  ECF No. 9.  On the same day, the County Defendants filed motions to dismiss or, in the alternative, motions for a more definite statement.  ECF No. 10.  Both Defendant Horton's and the County Defendants' motions argue that plaintiff's FAC should be dismissed because (1) it fails to allege facts sufficient to state a claim, and (2) it fails to allege facts sufficient to establish the court's jurisdiction.  ECF Nos. 9 & 10.  The County Defendants also argue that plaintiff's FAC should be dismissed against Defendant Vinson for insufficient service of process.[1]  ECF No. 10 at 4.

The State Defendants filed a motion to dismiss on November 7, 2014.  ECF No. 14.  The State Defendants' argue that plaintiff's FAC should be dismissed because (1) the Eleventh Amendment bars plaintiff's claims; (2) absolute judicial immunity and absolute quasi-judicial immunity bar plaintiff's claims; (3) the California Government Claims Act bars plaintiff's claims; and (4) plaintiff's complaint does not allege facts sufficient to establish a cognizable legal theory.  Id.

On December 12, 2014, plaintiff filed a "notice," which the court construes as a statement of opposition to the motions.  ECF No. 21.  The County Defendants filed a reply on December 10, 2014.  ECF No. 22.  On November 12, 2014, the court issued a minute order rescheduling the hearing dates for Defendant Horton's and the County Defendants' motions to coincide with the later hearing on the State Defendants' motion to dismiss.  ECF No. 19.  In the same minute order,

---

[1]  The County Defendants seek judicial notice of the docket in this case.  ECF No. 10 at 3. However, it is unnecessary to take judicial notice of documents already in the record.  See Aguirre v. Home Depot U.S.A., Inc., No. 1:10–cv–00311–LJO–GSA, 2012 WL 3639074, at *7 (E.D. Cal. Aug. 23, 2012) (citing Lew v. U.S. Bank Nat. Ass'n, No. C 11–4546 RS, 2012 WL 1029227, at *1 n.1 (N.D. Cal. Mar. 26, 2012)).

1  the court continued plaintiff's initial scheduling conference to February 11, 2015.  Id.

2                               UNDERLYING FACTS

3          Plaintiff's FAC contains few facts.  However, the court has been able to discern some of

4  the facts surrounding the case from defendants' motions and plaintiff's statements at the court's

5  December 17, 2014, hearing.  The State Defendants' motion to dismiss, for example, explains that

6  many of plaintiff's claims are related to an underlying criminal action, The People of the State of

7  California v. Christine Renee Corona, Lassen County Superior Court Case No. CR031958

8  ("Underlying Criminal Action").[2]  ECF No. 14 at 2.  The State Defendants' motion also explains

9  that Defendant Verderosa is a Lassen County Superior Court Judge, and that she executed a

10  search warrant prior to plaintiff's arrest on May 6, 2014.  Id. at 2, 3.  Plaintiff confirmed the

11  foregoing facts at the court's hearing.  Upon plaintiff's arrest her cell phone was confiscated, as

12  well as $642 in cash.  Id. at 3; ECF No. 4 at 21.  Plaintiff also alleges that she had to pay $9,000

13  to make bail along with a $900 "tow bill."  ECF No. 4 at 2, 11, 13.

14          Defendant Tweddell is Lassen County Superior Court's Operations Manager, and was

15  involved in plaintiff's attempt to file, through an intermediary, a "motion for discharge of

16  [plaintiff]" in the Underlying Criminal Action.  ECF No. 14 at 2; ECF No. 4 at 17.  According to

17  plaintiff's FAC, Defendant Tweddell assisted Faye Lewis, plaintiff's intermediary, with the filing

18  of a motion for discharge.  ECF No. 4 at 17.  Plaintiff's FAC alleges that the court's clerks

19  erroneously informed Ms. Lewis that she could not file a motion for discharge and refused to

20  accept her motion without plaintiff's case number.  Id.  Ms. Lewis attempted to refute their

21  assertion by showing them print outs of cases that she had brought with her, without success.  Id.

22  The court clerks then looked up plaintiff's case number for Ms. Lewis, and wrote it down on a

23

24  _____

[2]  The State Defendants seek judicial notice of filings in the Underlying Criminal Action.  ECF
25  No. 14-2.  Under Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of
an adjudicative fact that is not subject to reasonable dispute because it is either (1) generally
26  known or "(2) can be accurately and readily determined from sources whose accuracy cannot
reasonably be questioned."  Fed. R. Evid. 201(b).  The filings attached to the State Defendants'
27  request for judicial notice can be determined "from sources whose accuracy cannot reasonably be
questioned."  Id.  Accordingly, the State Defendants' request for judicial notice will be granted
28  because the Underlying Criminal Action is directly related to plaintiff's FAC.

1   post-it note for her.  Id.  Ultimately, Ms. Lewis spoke with Defendant Tweddell who also refused

2   to look at the cases that Ms. Lewis had brought.  Id.  However, after Ms. Lewis wrote plaintiff's

3   case number on the document Defendant Tweddell stamped it as received and gave Ms. Lewis a

4   signed copy.  Id.

5          Neither plaintiff's FAC nor the County Defendants' motion reveal their involvement in

6   the Underlying Criminal Action; however, at the court's hearing plaintiff explained that

7   Defendants Vinson, Jones, and Gatie are law enforcement officers who were present at the scene

8   of her arrest, while Defendant Montgomery is a Lassen County District Attorney.  According to

9   Defendant Horton's motion, he arrested plaintiff on felony drug charges.  ECF No. 9 at 4.

10                                    LEGAL STANDARDS

11  A.     Failure to State a Claim

12         The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

13  is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d

14  578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the

15  absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police

16  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a

17  claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

18  (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief

19  on the plaintiff's claims, even if the plaintiff's allegations are true.

20         In determining whether a complaint states a claim on which relief may be granted, the

21  court accepts as true the allegations in the complaint and construes the allegations in the light

22  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

23  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

24         The court may consider facts established by exhibits attached to the complaint.  Durning

25  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

26  which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388

27  (9th Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed

28  with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

4

court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

B.   Federal Jurisdiction

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised *sua sponte* by the court. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583–84 (1983). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. Id. In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

C.   Improper Service

Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4. See, e.g., Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Solorio v. Astrue, 2008 WL 5122177, at *1 (S.D. Cal. Dec.5, 2008). It is axiomatic that a court cannot exercise jurisdiction over a

1  defendant without proper service of process pursuant to Rule 4.  See Omni Capital Int'l v. Rudolf

2  Wolff & Co., 484 U.S. 97, 104 (1987).

3      Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial district of

4  the United States may be served by:

> (1) following state law for serving a summons in an action brought
>     in courts of general jurisdiction in the state where the district
>     court is located or where service is made; or
> (2) doing any of the following:
>     (A) delivering a copy of the summons and of the complaint
>         to the individual personally;
>     (B) leaving a copy of each at the individual's dwelling or
>         usual place of abode with someone of suitable age and
>         discretion who resides there; or
>     (C) delivering a copy of each to an agent authorized by
>         appointment or by law to receive service of process.

11     With respect to Rule 4(e)(1), the law of the state in which this court sits allows a plaintiff

12 to serve a defendant by personal delivery of a summons and complaint.  Cal. Code Civ. P. §

13 415.10.  "If a copy of the summons and complaint cannot with reasonable diligence be personally

14 delivered to the person to be served," California Code of Civil Procedure § 415.20(b) also permits

15 an individual to "be served by leaving a copy of the summons and complaint at the person's . . .

16 usual place of business . . . in the presence of . . . a person apparently in charge of his or her office

17 [or] place of business, . . . at least 18 years of age, who shall be informed of the contents thereof,

18 and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage

19 prepaid to the person to be served at the place where a copy of the summons and complaint were

20 left."

21 D.    1983 Claim

22     Generally, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of

23 rights protected by the Constitution or created by federal statute proximately caused by conduct

24 of a person acting under color of state law.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.

25 1991).  To state a claim under Section 1983 against a public entity not personally involved in a

26 constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy,

27 practice, or custom of the local entity."  Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal.

28 2007) (citing Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978)).  This type of claim can be

asserted on three different bases. First, a public entity may be held liable when "implementation of . . . official policies or established customs inflicts the constitutional injury." <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting <u>Monell</u>, 436 U.S. at 708 (Powell, J., concurring)). Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right." <u>Id.</u> (internal quotation marks omitted). Third, this type of liability may arise when "an official with final policy-making authority . . . ratifies a subordinate's unconstitutional decision or action and the basis for it." <u>Id.</u> (quoting <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

Regardless of the theory underlying plaintiff's claim, however, plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." <u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (quoting <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011)).

ANALYSIS

A.    <u>Defendants' Motions to Dismiss Pursuant to Rule 12(b)(1) & (6)</u>

Dismissal of plaintiff's FAC with leave to amend is appropriate as to all defendants because plaintiff fails to allege facts sufficient to state a plausible claim for relief. The court will not, however, dismiss plaintiff's FAC for lack of subject matter jurisdiction.

First, the court will not grant Defendant Horton's or the County Defendants' motions to dismiss pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, because it appears that plaintiff intends to assert violations of her federally-protected rights by state actors. Although plaintiff states her cause of action as "trespass against right to property," ECF No. 4 at 1, she complains of the conduct of law enforcement and court personnel in relation to her rights as a citizen. Accordingly, the court construes the complaint as attempting to state claims under 42 U.S.C. § 1983.[3] Jurisdiction therefore lies pursuant to 28 U.S.C. § 1331.

The court will, however, grant all defendants' motions to dismiss based on Rule 12(b)(6),

---

[3] In light of the court's interpretation, it will also deny the State Defendants' motion to dismiss insofar as it is based on plaintiff's failure to comply with the California Tort's Claim Act. The Act does not apply to 1983 claims. <u>Williams v. Horvath</u>, 16 Cal. 3d 834, 842 (1976) ("[W]e hold that the claim provision of section 911.2 is inoperative in an action brought under section 1983.").

1    for failure to allege facts sufficient to state a claim.  Although the Federal Rules adopt a flexible

2    pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

3    succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

4    seems to be alleging that various defendants have violated her constitutional rights by

5    confiscating her cell phone and cash and requiring her to post bail after her arrest in the

6    underlying criminal action.  ECF No. 4 at 11, 13 (demanding that defendants return her

7    "property," consisting of "$9000.00 bail, $900.00 tow bill, $642.00 cash, cell phone (apple 4s),

8    reputation, dignity, freedom and peace").  These facts do not, in and of themselves, state a

9    plausible claim for relief.  As the undersigned explained at the hearing, to state a claim for relief

10   plaintiff must allege facts including, but not limited to: (1) what specific actions defendants

11   engaged in that violated her constitutional rights; (2) which of her constitutional rights

12   defendants' violated; (3) and how defendants' actions violated those rights.

13        Accordingly, the court will grant defendants' motions to dismiss under Rule 12(b)(6), but

14   will grant plaintiff leave to amend.

15   B.   The County Defendants' Motion to Dismiss as to Defendant Vinson Pursuant to Rule

16        12(b)(5)

17        Plaintiff's FAC will also be dismissed without prejudice as to Defendant Vinson for

18   failure to effect proper service under Rule 12(b)(5).  The Return of Service plaintiff filed in

19   relation to Defendant Vinson asserts that he was served via "Substitute Service . . . after 3 failed

20   attempts at personal service. Service accepted by Kevin Jones.  Declaration of Due Diligence

21   attached."  Docket No. 8 at 6.  The Declaration of Diligence in turn recounts three attempts at

22   personal service on Defendant Vinson at the Sheriff's Department Business Office, and states that

23   on the third occasion "Kevin Jones accepted service on behalf of Brandon Vinson," who was not

24   present.  Id. at 7.  While plaintiff exercised reasonable diligence in attempting to serve Defendant

25   Vinson, and perhaps even left the summons and complaint with the appropriate person, her

26   service was insufficient under California Code of Civil Procedure § 415.20(b) because she did not

27   subsequently mail copies to the place where she left the summons and complaint.  Accordingly,

28   plaintiff's FAC will be dismissed pursuant to Rule 12(b)(5) and plaintiff will be given thirty (30)

1  days to serve Defendant Vinson in accordance with Rule 4.

2  C.     The State Defendants' Motion to Dismiss Without Leave to Amend Based on Eleventh

3          Amendment Immunity, Absolute Judicial Immunity, and Absolute Quasi-Judicial

4          Immunity

5          The States Defendants make a persuasive argument that they are absolutely immune from

6  suit, and that the claims against them must be dismissed without leave to amend.  However, the

7  FAC is so devoid of facts that the court cannot conclude with confidence that the conduct as issue

8  is immunized.

9          In general, the Eleventh Amendment bars suits against a state, absent the state's

10 affirmative waiver of its immunity or congressional abrogation of that immunity.  Krainski v.

11 Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010)

12 ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief,

13 absent unequivocal consent by the state.").  Superior Court Judges and Superior Court Officers, as

14 state officials, are treated as "arms of the state" and are entitled to Eleventh Amendment

15 immunity for judicial actions.  Simmons v. Sacramento Cnty. Superior Court, 318 F.3d 1156,

16 1161 (9th Cir. 2003).  The Eleventh Amendment does not; however, protect state officials from

17 claims brought against them in their individual capacities.  Pena v. Gardner, 976 F.2d 469, 473

18 (9th Cir. 1992), as amended (Oct. 9, 1992).  Eleventh Amendment Immunity is an affirmative

19 defense, and therefore "must be proved by the party that asserts it and would benefit from its

20 acceptance."  ITSI T.V. Prods., Inc. v. Agric. Associations, 3 F.3d 1289, 1291 (9th Cir. 1993).

21         Judicial immunity is a similar but distinct doctrine.  Generally, "judges [are immune] from

22 liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386

23 U.S. 547, 553–54 (1967).  This "immunity is overcome in only two sets of circumstances.  First, a

24 judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's

25 judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in

26 the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (citations

27 omitted).  Additionally, "[c]ourt clerks have absolute quasi-judicial immunity from damages for

28 civil rights violations when they perform tasks that are an integral part of the judicial process."

9

1    Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).  For example,

2    where a clerk files or refuses to file a document with the court, she is entitled to quasi-judicial

3    immunity for her actions, provided the acts complained of are within the clerk's jurisdiction.  Id.

4           Plaintiff's FAC simply does not specify whether the State Defendants are being sued in

5    their official or individual capacities.  The FAC also lacks allegations of fact from which the court

6    can determine whether the State Defendants are being sued for acts that are integral to the judicial

7    process.  Accordingly, although the complaint must be dismissed in its entirety for failure to state

8    a claim, plaintiff will be granted leave to amend.  The immunity issue – like the legal sufficiency

9    of all plaintiff's putative § 1983 claims – may be revisited once a complaint that complies with

10   Fed. R. Civ. P. 8 is before the court.

11   D.     Leave To Amend

12          In amending her complaint, plaintiff must comply with Federal Rule of Civil Procedure's

13   pleading requirements.  Federal Rule of Civil Procedure 8(a)(2) requires that the complaint

14   contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in

15   order to give the defendant fair notice of what the . . . claim is and the grounds upon which it

16   rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule

17   8(d)(1) states "[e]ach allegation must be simple, concise, and direct."  Although courts interpret

18   pro se pleadings liberally, a liberal interpretation of a civil rights complaint will not supply facts

19   plaintiff does not allege.  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.

20   1997).  Moreover, the claim for relief must be "plausible on its face," meaning that the "factual

21   content [ ] allows the court to draw the reasonable inference that the defendant is liable for the

22   misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Lengthy

23   complaints can violate Rule 8 if a defendant would have difficulty responding to the complaint.

24   Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011).  A

25   pleading must also state "a short and plain statement of the grounds for the court's jurisdiction"

26   and "a demand for relief sought."  Fed. R. Civ. P. 8(a), (c).

27          While a pro se plaintiff should generally be given leave to amend, "federal courts are far

28   less charitable when one or more amended pleadings already have been filed with no measurable

increase in clarity."  5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §

1217 (3d ed. 2004); <u>see also</u> <u>Schmidt v. Herrmann</u>, 614 F.2d 1221, 1224 (9th Cir. 1980)

(affirming dismissal of second amended complaint with prejudice where pleading consisted of

"confusing, distracting, ambiguous, and unintelligible" allegations in violation of Rule 8).

Accordingly, if plaintiff neglects to include a short and plain statement showing why she is

entitled to relief in her amended complaint, the second amended complaint will be subject to

dismissal without further leave to amend.

Finally, plaintiff is reminded that "pro se litigants must follow the same rules of procedure

that govern other litigants."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.1987); <u>accord</u> <u>Ghazali v.</u>

<u>Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995), <u>cert. denied</u> 516 U.S. 838 (1995).  There is not a double

set of rules – one set for represented parties, and one set for pro se litigants.  Moreover, "all

litigants, including pro ses, have an obligation to comply with court orders."  <u>McDonald v. Head</u>

<u>Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988).  Accordingly, both the

complaint and all plaintiff's filings must conform to the Federal Rules of Civil Procedure and the

Local Rules of this court.

VI.    CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that

1.  Defendant Horton's motion to dismiss, ECF No. 9, is granted and his motion for a

more definite statement and motion to strike are denied as moot;[4]

2.  The County Defendants' motion to dismiss, ECF No. 10, is granted and their motion

for a more definite statement is denied as moot;

3.  The State Defendants' motion to dismiss, ECF No. 14, is granted;

4.  Plaintiff is ordered to serve Defendant Vinson in accordance with Rule 4 within thirty

(30) days if she wishes to file a second amended complaint; and

5.  Plaintiff is granted thirty (30) days from the date of service of this order to file an

amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

---

[4]  Because the granting of a motion to dismiss with leave to amend is not dispositive of the action, the undersigned issues an order in lieu of a Findings and Recommendations.

and the Local Rules of Practice; the amended complaint must bear the docket number assigned

this case and must be labeled "Second Amended Complaint;" failure to file an amended

complaint in accordance with this order will result in a recommendation that this action be

dismissed without leave to amend.

DATED: December 19, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12