1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   CHRISTINE CORONA,                         No.  2:14-cv-01473-MCE-AC

11                  Plaintiff,

12          v.                                 FINDINGS & RECOMMENDATIONS

13   MICHELE VERDEROSA, et al.,

14                  Defendants.

15

16          On March 18, 2015, the court held a hearing on Defendants Michele Verderosa and

17   Marian Tweddell's ("the State Defendants") motion to dismiss; Defendants Brandon Vinson,

18   Kevin Jones, Laurie Gatie, and Stacey Montgomery's ("the County Defendants") motion to

19   dismiss or, in the alternative, for a more definite statement; and Defendant Nathan Horton's

20   motion for a more definite statement, motion to strike, and/or motion to dismiss.  Plaintiff

21   Christine Corona appeared in pro per; Margaret E. Long appeared for the County Defendants;

22   William D. Ayres appeared for Defendant Nathan Horton; and Jeffrey Lovell appeared for the

23   State Defendants.  On review of the motions, the documents filed in support and opposition,

24   hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS

25   FOLLOWS:

26                                PROCEDURAL HISTORY

27          Plaintiff filed her original complaint against Defendants Michelle Verderosa, Brandon

28   Vinson, Kevin Jones, Laurie Gatie, and Nathan Horton on June 20, 2014.  ECF No. 1.

1    Subsequently, plaintiff filed a first amended complaint ("FAC") on October 15, 2014.  ECF No.

2    4.  Plaintiff's FAC named two defendants not included in her original complaint, Stacey

3    Montgomery and Marian Tweddell.  Id.  On October 21, 2014, the court ordered plaintiff to file

4    proof of service on the defendants named in her original complaint or a request for additional

5    time to affect service within fourteen (14) days.  ECF No. 6.  On October 24, 2014, summons

6    upon all defendants were returned executed to the court.  ECF Nos. 7 & 8.  According to

7    plaintiff's proof of service she served two defendants, Vinson and Montgomery, by "substitute

8    service" after three failed attempts.  ECF No. 8 at 4, 6.

9        On December 22, 2014, the court granted defendants' motions to dismiss plaintiff's FAC

10   with leave to amend for failure to state a claim.  ECF No. 26.  On January 16, 2015, plaintiff filed

11   a second amended complaint ("SAC").  ECF No. 27.  On February 2, 2015, the State Defendants

12   filed a motion to dismiss, arguing that (1) plaintiff's claims against the State Defendants are

13   barred by the Eleventh Amendment; (2) plaintiff's claims against Defendant Verderosa are barred

14   the doctrine of judicial immunity; (3) plaintiff's claims against Defendant Tweddell are barred by

15   the doctrine of quasi-judicial immunity; (4) plaintiff's SAC fails to state a claim as all of the

16   allegations relating to the State Defendants concern actions taken in their official capacities as

17   agents of the State; and (5) to the extent that plaintiff intends to bring state law causes of action

18   she has failed to state a claim because she does not allege compliance with the California Torts

19   Claims Act ("CTCA"). [1]

20       On February 4, 2015, Defendant Horton filed a motion for a more definite statement,

21

22   _____

[1]  The State Defendants also seek judicial notice of the docket and the first amended complaint in
plaintiff's state court criminal action, The People of the State of Cal. v. Christine Renee Corona,

23   CR031958 (Lassen Cnty. Super. Ct. Aug. 5, 2014) ("the Criminal Case").  ECF No. 32-2.  Under
Rule 201 of the Federal Rules of Evidence, a court must take judicial notice of an adjudicative

24   fact that is not subject to reasonable dispute because it is either (1) generally known or "(2) can be
accurately and readily determined from sources whose accuracy cannot reasonably be

25   questioned." Fed. R. Evid. 201(b).  The filings attached to the State Defendants' request for
judicial notice can be determined "from sources whose accuracy cannot reasonably be

26   questioned."  Id.  Accordingly, the court will recommend that the State Defendants' request for
judicial notice be granted because plaintiff's state court criminal action is directly related to

27   plaintiff's SAC.

28

2

1   motion to strike, and/or motion to dismiss.  ECF No. 33.  Defendant Horton's motion argues that

2   the court should require plaintiff to file a more definite statement because her SAC is so vague

3   and unintelligible that it fails to provide Defendant Horton with reasonable notice.  Id. at 4–7.

4   Defendant Horton also argues that plaintiff's SAC should be stricken because it contains

5   substantial "improper" material.  Id. at 7.  Finally, Defendant Horton argues that plaintiff's SAC

6   fails to state a claim because he is immune from liability under both California Government Code

7   § 821.8 and the doctrine of qualified immunity.  Id. at 7–8.  Defendant Horton also argues that to

8   the extent plaintiff seeks to bring state law causes of actions those claims are barred by the

9   CTCA.  Id. at 8.

10       Also on February 4, 2015, the County Defendants filed a motion to dismiss or, in the

11   alternative, for more definite statement.[2]  ECF No. 34.  The County Defendants argue that

12   plaintiff's claims against Defendant Montgomery are barred by prosecutorial immunity, while her

13   claims against Defendants Gatie, Jones, and Vinson are barred by qualified immunity.  Id. at 3–4.

14   The County Defendants also move to dismiss plaintiff's SAC as to Defendant Vinson for

15   insufficiency of service under Rule 12(b)(5).  Id. at 4–6.  In addition, the County Defendants

16   argue that plaintiff's SAC fails to state a cognizable legal theory, id. at 6–7, and is barred by the

17   Younger Abstention Doctrine, id. at 8.  Finally, the County Defendants also argue that to the

18   extent plaintiff brings state law causes of action those claims are barred by the CTCA.  Id. at 7–8.

19       On February 23, 2015, plaintiff filed an opposition to the foregoing motions, arguing that

20   defendants have effectively admitted to wrongdoing by choosing to pursue "'loopholes'

21   (technicalities)" instead of responding to her complaint.  ECF No. 39 at 2–3.  On March 10, 2015,

22   the County Defendants filed a reply to plaintiff's opposition, contending that (1) plaintiff's

23

24   _____

     [2]  The County Defendants also seek judicial notice of the docket in this matter, ECF No. 34-1 at 2
25   n.1, along with the docket and first amended complaint in the Criminal Case, ECF No. 34-2.  It is
     unnecessary for the court to take judicial notice of its own docket.  See Willard v. Sebok, No. CV
26   13-2251-MMM RNB, 2015 WL 391673, at *2 n.2 (C.D. Cal. Jan. 28, 2015).  Accordingly, the
     court will recommend that the County Defendants' request for judicial notice of the docket in this
27   matter be denied.  The court will also recommend that the County Defendants' request for judicial
     notice of the docket and first amended complaint in the Criminal Case be denied as moot.
28

1    opposition fails to address the arguments contained in their motion and accordingly, those

2    arguments are deemed admitted; (2) the County Defendants have not waived any defenses to

3    plaintiff's claims as plaintiff contends in her opposition; and (3) plaintiff's SAC fails to state a

4    cognizable legal theory.  ECF No. 46.  On the same date, Defendant Horton filed a reply again

5    asserting that plaintiff's SAC fails to give him reasonable notice of her claims and, accordingly,

6    should be dismissed.  ECF No. 47.

7                                  UNDERLYING FACTS

8            Plaintiff alleges that defendants are liable for violations of her constitutional rights under §

9    1983.  Against many defendants however, she alleges few facts.

10           For example, plaintiff alleges that Defendant Montgomery, the District Attorney for

11   Lassen County, "failed to prosecute" criminal charges against her and, for reasons that are

12   unclear, filed new charges constituting "fictitious litigation."  Id. at 6.  Plaintiff also alleges that

13   Defendants Gatie, Vinson, Horton, and Jones executed a search warrant on May 6, 2014, that was

14   "void on its face" by placing a GPS tracking device on her car.  Id. at 7.[3]  Defendant Horton

15   subsequently removed that tracking device at an unspecified time.  Id.  Although plaintiff does

16   not say explicitly why she believes the search warrant was void, that belief probably arises out of

17   her allegations relating to Defendant Verderosa, the state court judge who approved the warrant.

18   Id. at 4–5.  Plaintiff alleges that Defendant Verderosa did not have the authority to sign a search

19   warrant for her car because her involvement in plaintiff's case was a conflict of interest.  Id. at 5.

20           Specifically, plaintiff argues that Defendant Verderosa's involvement in plaintiff's case

21   was a conflict of interest because (1) Defendant Verderosa was plaintiff's public defender in

22   another matter in October 2002, and (2) Defendant Verderosa's husband works for plaintiff's

23   significant other and would stand to gain professionally if plaintiff was convicted.  Id. at 5.

24   Plaintiff also alleges that Defendant Verderosa did not have the authority to sign the search

25   warrant because according to the Lassen County Superior Court Rules, felony criminal matters

26   _____

[3]  In the same sentence, plaintiff alleges both that the defendants executed a warrant that was void
27   on its face and that they placed the tracking device without a warrant.  Id.  Later in the same
     paragraph she states that she was not shown the warrant.

28

1    are assigned to Judge Sokol and not to Defendant Verderosa. Id. at 4. As for Defendant

2    Tweddell, plaintiff alleges that she discriminated against plaintiff by refusing to file plaintiff's

3    notices of discharge on two occasions. Id. at 5.

4         Plaintiff also alleges that she was arrested twice. Id. at 6–7. On May 6, 2014, plaintiff

5    was pulled over and arrested by two unknown officers, one from the Lassen County Sherriff's

6    Department and the other from the California Highway Patrol. Id. at 7. Plaintiff was not read her

7    Miranda rights, advised of the charges against her, or shown a warrant after she requested to see

8    one. Id. At some point after her arrest her property was seized, including $642.00 in cash, her

9    cell phone, and her vehicle. Id. After her vehicle was towed it was taken to Susanville Towing,

10   where it was stored for eight days, costing her a total of $900. Id. Plaintiff had to post bail of

11   "$90,000.00 at 10% or $9,000," which she alleges was excessive. Id.

12        Plaintiff was arrested a second time on December 17, 2014, after an appearance in federal

13   court, by FBI agents. Id. at 6. Defendant Horton was present at the time of this arrest. Id.

14   During her arrest plaintiff asked to see a copy of her arrest warrant, but the agents refused. Id.

15   Plaintiff claims that she was falsely imprisoned for five days and ultimately had to pay bail of

16   "$110,000.00, $11,000.00 or 10% of [her] property." Id. at 6–7.[4]

17                                    LEGAL STANDARDS

18   I.    Failure to State a Claim

19        The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)

20   is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d

21   578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the

22   absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police

23   Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a

24   claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

25   (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief

26   _____

27   [4] At the court's March 18, 2015 hearing, plaintiff alleged that her December 17, 2014 arrest was
     not related to her May 6, 2014 arrest. Plaintiff also alleged that the state's charges stemming
     from her May 6, 2014 arrest had been dismissed.

28

                                              5

1  on the plaintiff's claims, even if the plaintiff's allegations are true.

2          In determining whether a complaint states a claim on which relief may be granted, the

3  court accepts as true the allegations in the complaint and construes the allegations in the light

4  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

5  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

6          The court may consider facts established by exhibits attached to the complaint.  Durning

7  v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

8  which may be judicially noticed, Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th

9  Cir. 1987), and matters of public record, including pleadings, orders, and other papers filed with

10  the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court

11  need not accept legal conclusions "cast in the form of factual allegations."  W. Mining Council v.

12  Watt, 643 F.2d 618, 624 (9th Cir. 1981).

13  II.       § 1983 Claim

14          Generally, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of

15  rights protected by the Constitution or created by federal statute, proximately caused by conduct

16  of a person acting under color of state law.  Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir.

17  1991).  To state a claim under § 1983 against a public entity not personally involved in a

18  constitutional violation, a plaintiff must allege a constitutional injury resulting from a "policy,

19  practice, or custom of the local entity."  Avalos v. Baca, 517 F. Supp. 2d 1156, 1162 (C.D. Cal.

20  2007) (citing Monell v. Dep't of Soc. Srvs., 436 U.S. 658, 694 (1978)).  This type of claim can be

21  asserted on three different bases.  First, a public entity may be held liable when "implementation

22  of . . . official policies or established customs inflicts the constitutional injury."  Clouthier v.

23  Cnty. of Contra Costa, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting Monell, 436 U.S. at 708

24  (Powell, J., concurring)).  Second, such liability may arise when a failure to act amounts to

25  "deliberate indifference to a constitutional right."  Id. (internal quotation marks omitted).  Third,

26  this type of liability may arise when "an official with final policy-making authority . . . ratifies a

27  subordinate's unconstitutional decision or action and the basis for it."  Id. (quoting Gillette v.

28  Delmore, 979 F.2d 1342, 1346–47 (9th Cir. 1992)).

Regardless of the theory underlying plaintiff's claim, however, plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

III.     Improper Service

Under the Federal Rule of Civil Procedure 12(b)(5), a defendant may challenge any departure from the proper procedure for serving the summons and complaint as "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service of process, the plaintiff has the burden of establishing the validity of service of process under Rule 4. See, e.g., Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004); Solorio v. Astrue, 2008 WL 5122177, at *1 (S.D. Cal. Dec.5, 2008). It is axiomatic that a court cannot exercise jurisdiction over a defendant without proper service of process pursuant to Rule 4. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

Pursuant to Federal Rule of Civil Procedure 4(e), an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

With respect to Rule 4(e)(1), the law of the state in which this court sits allows a plaintiff to serve a defendant by personal delivery of a summons and complaint. Cal. Code Civ. P. § 415.10. "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served," California Code of Civil Procedure § 415.20(b) also permits an individual to "be served by leaving a copy of the summons and complaint at the person's . . .

7

1   usual place of business . . . in the presence of . . . a person apparently in charge of his or her office

2   [or] place of business, . . . at least 18 years of age, who shall be informed of the contents thereof,

3   and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage

4   prepaid to the person to be served at the place where a copy of the summons and complaint were

5   left."

6                                    DISCUSSION

7   I.         Rule 12(b)(6): Failure to State a Claim

8               The court will recommend that plaintiff's SAC be dismissed for failure to state a claim

9   under Rule 12(b)(6).

10              Plaintiff's SAC alleges that defendants have engaged in a wide variety of conduct that

11  infringed upon her constitutional rights.  Accordingly, the court will construe the complaint as

12  attempting to state claims under 42 U.S.C. § 1983.[5]  Plaintiff alleges that Defendant Verderosa

13  violated the Lassen Superior Court Rules and that her involvement in plaintiff's criminal case

14  constituted a conflict of interest.  ECF No. 27 at 4–5.  Plaintiff also alleges that Defendant

15  Tweddell failed to file plaintiff's notices of discharge.  Id. at 5.  As to Defendant Montgomery,

16  plaintiff alleges that she failed to timely and properly prosecute plaintiff's criminal case.  Id. at 6.

17  Finally, plaintiff alleges that Defendants Gatie, Vinson, Horton, and Jones improperly executed a

18  search warrant against plaintiff by affixing a tracking device to her car and then removing it.  Id.

19  at 7.

20              None of these alleged facts, in and of themselves, amount to constitutional violations.

21  Plaintiff does allege that the search warrant executed by Defendants Gatie, Vinson, Horton, and

22  Jones was "void on its face," id. at 4, 7, however, she does not allege any facts that would

23  establish the warrant was void.  Because plaintiff's allegation that the search warrant was void on

24  its face is a legal conclusion it is not entitled to a presumption of truth at the motion to dismiss

25  stage.  See Reed v. City of San Diego, No. 06CV2724 JM WMC, 2007 WL 1877961, at *3 (S.D.

26  _____

27  [5]  In light of the court's construction of plaintiff's claims as arising under 42 U.S.C. § 1983, the
    court declines to reach defendants' arguments that plaintiff's state law claims are barred by the
    CTCA.

28

                                    8

1    Cal. June 28, 2007).  Accordingly, the court finds that plaintiff's SAC fails to allege facts

2    sufficient to state a § 1983 claim.

3         Based upon the foregoing the court will recommend that plaintiff's SAC be dismissed

4    without leave to amend.  Normally, when a viable case may be pled, a district court should freely

5    grant leave to amend.  Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

6    However, "liberality in granting leave to amend is subject to several limitations."  Ascon Props.,

7    Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citing DCD Programs, Ltd. v.

8    Leighton, 833 F.2d 183, 186 (9th Cir. 1987)).  Those limitations include undue prejudice to the

9    opposing party, bad faith by the movant, futility, and undue delay.  Id.  Further, "[t]he district

10   court's discretion to deny leave to amend is particularly broad where plaintiff has previously

11   amended the complaint."  Id. (citing Leighton, 833 F.2d at 186; Mir v. Fosburg, 646 F.2d 342,

12   347 (9th Cir. 1980)).

13        In the court's last order dismissing plaintiff's FAC it warned her that failure to amend her

14   complaint in accordance with its instructions would result in the dismissal of her claims without

15   leave to amend.  ECF No. 26 at 11–12.  Although plaintiff's SAC contains somewhat clearer

16   factual allegations than her FAC, she has still not alleged facts that would, if proven, establish

17   that defendants engaged in unconstitutional conduct.  In addition, plaintiff's previous

18   amendments ignore the court' direction on major issues including the doctrine of judicial

19   immunity.  See id. at 9–10.  Plaintiff has already amended her complaint twice and is no closer to

20   stating a § 1983 claim.  Accordingly, the court will recommend that her claims be dismissed

21   without leave to amend.[6]

---

[6] It is also very likely that plaintiff's claims are barred by the Younger abstention doctrine.  See
Younger v. Harris, 401 U.S. 37 (1971).  Younger abstention prohibits federal courts from hearing
claims where the following factors are satisfied: (1) "a state-initiated proceeding is ongoing;" (2)
that proceeding "implicates important state interests;" (3) "the federal litigant is not barred from
litigating federal constitutional issues in that proceeding;" and (4) the federal court's disposition
of the matter would "enjoin the [state court] proceeding, or have the practical effect of doing so."
AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007).  Assuming that
plaintiff's criminal case is ongoing, the foregoing factors are met.  Although plaintiff alleges that
the conduct she complains of is related to a case that has already been closed, the docket in The
People of the State of Cal. v. Christine Renee Corona, CR031958 (Lassen Cnty. Super. Ct. Aug.
(continued…)

1    In light of the court's recommendation that plaintiff's SAC be dismissed without leave to

2    amend it declines to reach the County Defendants' remaining arguments relating to qualified and

3    prosecutorial immunity.  The court also declines to reach Defendant Horton's arguments

4    regarding qualified immunity and California Government Code § 821.8.  At this juncture plaintiff

5    simply does not allege facts sufficient to show that these doctrines are applicable.

6    II.    The State Defendants: Eleventh Amendment Immunity and Judicial Immunity

7    The court will also recommend that plaintiff's claims be dismissed without leave to amend

8    as to the State Defendants because they are barred by the doctrines of judicial immunity and

9    quasi-judicial immunity.

10    In general, the Eleventh Amendment bars suits against a state, absent the state's

11    affirmative waiver of its immunity or congressional abrogation of that immunity.  Krainski v.

12    Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010)

13    ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief,

14    absent unequivocal consent by the state.").  Superior Court Judges and Superior Court Officers, as

15    state officials, are treated as "arms of the state" and are entitled to Eleventh Amendment

16    immunity for judicial actions.  Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161

17    (9th Cir. 2003).  The Eleventh Amendment does not; however, protect state officials from claims

18    brought against them in their individual capacities.  Pena v. Gardner, 976 F.2d 469, 473 (9th Cir.

19    1992), as amended (Oct. 9, 1992).  Eleventh Amendment Immunity is an affirmative defense, and

20    therefore "must be proved by the party that asserts it and would benefit from its acceptance."

21    ITSI T.V. Prods., Inc. v. Agric. Ass'ns, 3 F.3d 1289, 1291 (9th Cir. 1993).

22    Judicial immunity is a similar but distinct doctrine.  Generally, "judges [are immune] from

23    liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386

24    U.S. 547, 553–54 (1967).  This "immunity is overcome in only two sets of circumstances.  First, a

25    ────────────────────────────────────
      5, 2014) seems to contradict this assertion.  Plaintiff's testimony at the court's hearing on March
26    18, 2015, strongly implied that her belief the state's charges against her have been dismissed
      comes from her understanding that a criminal defendant who posts bail is exonerated of the
27    state's charges.  This is simply not the case.  The posting of bail allows a criminal defendant to be
      released from custody, it does not dismiss the charges against her.  Cal. Penal Code § 1268, et al.
28

1    judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's

2    judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in

3    the complete absence of all jurisdiction."  Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (citations

4    omitted); see also Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge will not be

5    deprived of immunity because the action he took was in error, was done maliciously, or was in

6    excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear

7    absence of all jurisdiction.'").  Additionally, "[c]ourt clerks have absolute quasi-judicial

8    immunity from damages for civil rights violations when they perform tasks that are an integral

9    part of the judicial process."  Mullis, 828 F.2d at 1390.  For example, where a clerk files or

10   refuses to file a document with the court, she is entitled to quasi-judicial immunity for her actions,

11   provided the acts complained of are within the clerk's jurisdiction.  Id.

12          The SAC alleges that Defendant Verderosa violated plaintiff's constitutional rights by

13   signing a search warrant (presumably for her car) despite (1) having no authority under the

14   Lassen County Rules of Court, and (2) the fact that doing so was a conflict of interest.  ECF No.

15   27 at 4–5.  Plaintiff also alleges that Defendant Tweddell violated her constitutional rights by

16   refusing to file her notices of discharge on two separate occasions.  Id. at 5.

17          Plaintiff does not specify whether she intends to bring claims against the State Defendants

18   in their personal or official capacities.  Accordingly, the State Defendants cannot meet their

19   burden of establishing that Eleventh Amendment Immunity applies.  The State Defendants do,

20   however, establish that plaintiff's claims against them are barred by judicial immunity and quasi-

21   judicial immunity.  Plaintiff does not allege, nor could she, that Defendant Verderosa was entirely

22   without jurisdiction to issue a search warrant for her vehicle.  Defendant Verderosa was not

23   divested of all jurisdiction to issue search warrants by virtue of the fact that the Lassen County

24   Superior Court Rules typically assign felony criminal cases to another judge.  It is not even clear

25   that Defendant Verderosa's actions violated the court's rules.  Defendant Verderosa was also not

26   divested of jurisdiction by virtue of plaintiff's alleged conflict of interest.  Accordingly, plaintiff's

27   claims against Defendant Verderosa are barred by the doctrine of judicial immunity.

28          Plaintiff's claims against Defendant Tweddell are also barred by the doctrine of quasi-

11

1    judicial immunity, as Defendant Tweddell's alleged refusal to file plaintiff's notices of discharge

2    is exactly the type of action that is protected by this doctrine.  See Mullis, 828 F.2d at 1390.  In

3    light of the foregoing, the court recommends that plaintiff's claims against the State Defendants

4    be dismissed without leave to amend because they are barred by the doctrines of judicial

5    immunity and quasi-judicial immunity.

6    III.      Rule 12(b)(5): Insufficient Service of Process

7              The court will also recommend that plaintiff's claims against Defendant Vinson be

8    dismissed under Rule 12(b)(5) for insufficient service.  The court's December 22, 2014, order

9    gave plaintiff thirty (30) days to effect proper service upon Defendant Vinson.  ECF No. 26 at

10   11–12.  The County Defendants claim in their motion to dismiss that plaintiff has yet to properly

11   serve Defendant Vinson.  ECF No. 34-1 at 4–5.  At the court's March 18, 2015, hearing plaintiff

12   claimed that she properly served Defendant Vinson and had already submitted a proof of service

13   to the court.  Plaintiff has filed only one proof of service as to Defendant Vinson in this matter,

14   which the court previously held was insufficient under Rule 4.  ECF No. 26 at 8.  Accordingly,

15   the court will recommend that plaintiff's claims against Defendant Vinson be dismissed for

16   insufficient service.

17                                          CONCLUSION

18             In accordance with the foregoing, IT IS HEREBY RECOMMENDED that:

19             1.       The State Defendants' motion to dismiss and request for judicial notice, ECF No.

20   32, be GRANTED, and the claims against these defendants be DISMISSED without leave to

21   amend;

22             2.       Defendant Horton's motion to dismiss, motion to strike, and motion for a more

23   definite statement, ECF No. 33, be GRANTED in part as follows:

24                      a.       Plaintiff's claims against Defendant Horton be DISMISSED without leave

25   to amend;

26                      b.       Defendant Horton's request to strike plaintiff's SAC or, in the alternative,

27   require plaintiff to file a more definite statement be DENIED as moot;

28             3.       The County Defendants' motion to dismiss and request for judicial notice, ECF

1   No. 34, be GRANTED in part as follows:

2              a.      Plaintiff's SAC be DISMISSED as to the County Defendants without leave

3   to amend;

4              b.      The County Defendants' request for judicial notice be DENIED as moot.

5         These findings and recommendations are submitted to the United States District Judge

6   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E.D.

9   Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's

10  Findings and Recommendations."  Any response to the objections shall be filed with the court

11  and served on all parties within fourteen days after service of the objections.  E.D. Local Rule

12  304(d).  Failure to file objections within the specified time may waive the right to appeal the

13  District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst,

14  951 F.2d 1153, 1156-57 (9th Cir. 1991).

15  DATED: March 27, 2015

16

17  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

13